### JOHN R. O'CONNOR

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed December 16, 1897.*

FEES AND SALARIES—*when statute does not fix compensation only a reasonable amount will be allowed.* When a stenographer performing services for the State is not an official of any court and there is no statute which fixes the amount of compensation for the services such as were rendered, only a reasonable compensation for the services rendered will be allowed.

This was a claim filed in the Auditor's office, October 27, 1895, by John R. O'Connor, claiming eight hundred and eighty dollars ($880.00) for time and services as stenographer and law reporter in a certain cause pending before one George Mills Rogers, Master in Chancery of the Circuit Court of Cook county, in the matter of the People of the State of Illinois ex rel, Maurice T. Maloney v. Elizabeth Cooling.

On November 10, 1896, cause was submitted on testimony and on December 23, 1896, Commission allowed

claimant the sum of $296.25 in full of his claim, as will further appear by opinion of the Commission filed on said date. On the same day, a motion for re-hearing was made and motion granted. Re-hearing was set for December 30th. On December 30th motion was granted to file additional answer on part of State. On the same day, answer was filed by Attorney General as follows:

State of Illinois, }

Sangamon County. }

John R. O'Connor }
v.
The State of Illinois. }

*In the Commission of Claims.*

Comes now the Honorable Maurice T. Moloney, Attorney General, and files his answer to said claim in behalf of the People of the State of Illinois, and answering says that it is true as alleged in said claim that said John R. O'Connor was employed by said Attorney General to take the testimony in the case of the People v. Elizabeth Cooling; that the price to be paid for said testimony was fifty cents per page, and fifteen cents for carbon copy per page. That 1,825 pages were so furnished by said claimant both of original and carbon copy. That said claimant also made a condensed abstract of said evidence as alleged, of 395 pages, and a carbon copy thereof, at the request of the Attorney General.

That said claim is just and in pursuance of agreements made with said claimant and the State of Illinois can not and ought not to object to the allowance thereof for $880 as claimed, said amount being in accordance with usual customary and reasonable charges for such work.

Said Attorney General therefore admits that there is due to said claimant the sum of $880 as claimed and consents to the allowance of said claim in that amount.

(Signed.)   M. T. Moloney,
*Attorney General.*

On February 16, 1897, Attorney General makes a motion to withdraw answer as filed December 30, 1896, viz:

STATE OF ILLINOIS, ⎰
⎱ ss.
SANGAMON COUNTY. ⎰

JOHN R. O'CONNOR ⎰
v. ⎱ *In the Commission of Claims.*
THE STATE OF ILLINOIS. ⎰

And now comes Edward C. Akin, Attorney General of the State of Illinois, and by leave of said Commission, withdraws the answer of Maurice T. Moloney, late Attorney General of this State, said answer having been filed therein December 30, 1896, after said Commission had acted upon the claim of the said claimant and allowed the same in the sum of $296.25. And the Attorney General here now objects to the petition for re-hearing filed herein December 28, 1896, and also objects to the allowance by said Commission to any other or further sum than the sum of $296.25 allowed said claimant as aforesaid.

(Signed.)    EDWARD C. AKIN,
*Attorney General.*

This motion was set for hearing on February 16th. It seems it has never been disposed of. On February 23d cause was continued generally. And now the matter comes up for re-hearing upon the original evidence as submitted. Opinion filed by former Commission is as follows:

"STATE OF ILLINOIS.

IN THE COMMISSION OF CLAIMS.

JOHN R. O'CONNOR ⎰
v. ⎱
THE STATE OF ILLINOIS. ⎰

OPINION OF THE COMMISSION,

BY SAMUEL ALSCHULER, COMMISSIONER.

From the undisputed evidence upon this claim it appears that the claimant was employed as stenographer,

by the Attorney General, to take and report testimony in the suit of Attorney General, etc. v. Elizabeth Cooling, pending in the circuit court of Cook county. Said testimony was taken before George Mills Rogers, to whom as Master in Chancery of said circuit court the said cause had been referred to take evidence and report conclusions.

It appears from the evidence that there was taken and transcribed, on behalf of the State, 1,825 pages of testimony, for which the claimant charges fifty cents per page, making $912.50. He further charges for one copy of such testimony at fifteen cents per page, making $273.75—a total for that service of $1,186.25. In addition to this the evidence shows that the claimant made a statement in narrative form of the evidence so taken, which he charges as 395 pages of abstract at one dollar per page, a copy of same at 25 cents per page—a total for this service of $493.75. Upon the claim for taking and transcribing the testimony he has received $800.00, leaving a balance of $880.00, for which he demands an award against the State.

It does not appear that the claimant is an official stenographer of any court. There is no statute which fixes the amount of compensation for the services such as were rendered by the claimant. The compensation fixed by law for similar services is 15 cents per folio of one hundred words, and from observation and investigation we believe that two and one half of such folios to a page of type writing is the ordinary and usual proportion in about the place where such court is held. There is no law fixing the price of a copy, but again drawing upon our experience we have no hesitancy in saying that 15 cents per page is more than ought to be charged. For a carbon copy it requires no further effort than the insertion of a sheet of carbon and another sheet of paper, together with the additional cost of the material. The claim for this first amount was presented for payment to the 39th General Assembly, and presumably the merits of the claim were there investigated, and the sum of

$800.00 was appropriated and paid upon the claim. There being no statutory compensation, and the amount of this appropriation being so near, what in our judgment would be a reasonable compensation for the services rendered up to that time, we cannot but believe that the Legislature intended the amount so appropriated to be in full payment of the bill rendered. Under these circumstances, so much of the claim as accrued before, and was presented for payment to the 39th General Assembly is disallowed.

Since the presentation of this claim as aforesaid, it appears from the evidence that the claimant rendered pages of abstract at $1.00, and a copy thereof at 25 cents per page. Conceding this service to be a proper one for which just compensation should be made by the State, (and there is no evidence to the contrary) the Commission is nevertheless of the opinion that the charges are exorbitant. The claimant states that the services consisted in a statement of the testimony in narrative form instead of by questions and answers. It does not appear to have been an abstract made for the purpose of presenting the evidence in a condensed form as required by the courts of appellate jurisdiction, but merely a narrative statement, and why he charges 25 cents per page for a carbon copy is quite beyond our comprehension. It is certainly no greater task to make a carbon copy of an abstract of testimony than of the testimony itself. It requires no more labor and no more material. If we regard 15 cents per page too great a charge for a copy of the testimony, certainly 25 cents per page is too high for a copy of the abstract. Under all the circumstances the Commission feels that a very liberal allowance for the abstract and copy would be 75 cents per page—making $296.25.

It is therefore ordered that the said claimant be awarded in full for his aforesaid claim against the State of Illinois the sum of two hundred and ninety-six dollars and twenty-five cents."

The answer of the Attorney General of December 30th appears as an attempt at a confession of judgment; but why the State should be called upon to pay more than a reasonable price for work performed, we cannot conceive and we know of no honest rule by which this could be tolerated. We believe the judgment allowed by the former Commission is a liberal compensation for the work done.

Therefore we sustain the judgment of the former Commission and order that the said claimant be awarded in full of his said claim against the State of Illinois, the sum of two hundred and ninety-six dollars and twenty-five cents.